Case 4:21-cv-03079   Document 13   Filed on 11/29/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE SMITH, | § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | CIVIL ACTION NO. 4:21-CV-3079 |
| DAVID HITTNER and MTGLQ INVESTORS LP, | | |
| Defendants. | | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Motion for Default Judgment (Dkt. No. 11.) The Court **RECOMMENDS** that the Motion for Default Judgment be **DENIED**.

Federal Rule of Civil Procedure 55 governs requests for default judgment. FED. R. CIV. P. 55. Three steps must occur in order to obtain a default judgment under Rule 55: "(1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment." *Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, No. 16-CV-1889, 2017 WL 373478, at *1 (N.D. Tex. Jan. 26, 2017). The first step, default, can only occur if the defendant has been properly served or has executed a waiver of service. *Alamo 1 Specialized Trucking, Inc. v. Bay Crane Servs. of N.J., Inc.*, No. 18-CV-386, 2018 WL 8619801, at *1 (W.D. Tex. July 27, 2018) ("[I]t is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.") (quotations omitted); *see*

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 7.)

*also Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999) ("Like formal service of process, a waiver of service of process marks the point in a lawsuit after which the defendant must answer or risk default."). "Absent proper service, a district court lacks personal jurisdiction, and any default judgment would be void." *Wells Fargo Bank, N.A. v. Pantalion*, No. CV H-18-4215, 2019 WL 2544077, at *2 (S.D. Tex. June 19, 2019) (citing *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986)).

Here, Plaintiff neither filed for entry of default nor properly served Defendants. According to the certificate of service, it appears that Plaintiff attempted to serve the Defendants by mail. (*See* Dkt. No. 9.) However, service can be made only by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." TEX. R. CIV. P. 103. "[N]o person who is a party to or interested in the outcome of a suit may serve any process in that suit[.]" *Id.*; *see Hurtado v. JPMC Specialty Mortg. LLC*, No. 13-CV-1019, 2014 WL 3404973, at *2 (N.D. Tex. July 11, 2014) (explaining that a party cannot effectuate service under Texas law even when service is attempted by certified mail). "There is no exception for pro se litigants." *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015); *see also Lohr v. Express Jet Airlines, Inc.*, No. 20-CV-3399, 2020 WL 7323360, at *1 (S.D. Tex. Dec. 11, 2020). Accordingly, the Court **RECOMMENDS** that the Motion for Default Judgment be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual

findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on November 29, 2021.

                                                Sam S. Sheldon
                                                United States Magistrate Judge