United States District Court
Southern District of Texas
**ENTERED**
December 20, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WAYNE SMITH, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-03079 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| DAVID HITTNER and MTGLQ INVESTORS LP, | § | |
| Defendants. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Wayne Smith represents himself here *pro se*. He executed a Deed of Trust, later assigned to Defendant MTGLQ Investors LP, on certain of his residential real property. See Dkt 29, Civil Action No 4:19-cv-01888. Smith filed a lawsuit against MTGLQ in May of 2019 arguing that MTGLQ improperly attempted to collect an alleged debt related to the property and foreclose on the same. See Dkt 1, Civil Action No 4:19-cv-01888. He there alleged claims for violations of the Fair Debt Collection Practices Act, negligence, fraudulent concealment and inducement, slander of title, recission under the Truth in Lending Act, and declaratory relief.

The case was assigned to Judge David Hittner. Smith moved for summary judgment, and MTGLQ moved to dismiss on the basis that Smith failed to state a claim for which relief could be granted. See Dkts 18 & 21, Civil Action No 4:19-cv-01888. Judge Hittner granted MTGLQ's motion and dismissed all claims by Smith with prejudice, denied as moot Smith's motion for summary judgment, and entered final judgment dismissing Smith's case. See

Dkts 29 & 30, Civil Action No 4:19-cv-01888. Smith appealed, but the Fifth Circuit affirmed the dismissal.

Smith initiated this lawsuit in September 2021 alleging that Judge Hittner and MTGLQ conspired to violate his constitutional rights. He maintains that he was "denied proper legal help from the court to establish the truth," his witness "wasn't allowed to speak or be recognized," and only the "pleas" presented by MTGLQ were recognized while his "presentations of law(s)" went ignored thereby depriving him "of equal rights under the law." Dkt 1 at 4.

The case was referred for disposition to Magistrate Judge Sam S. Sheldon. Dkt 7. Now at issue is Smith's motion for default judgment against Defendants. Dkt 11. By Memorandum and Recommendation, Judge Sheldon recommended that the motion be denied because Smith neither properly served Defendants nor filed for entry of default. See Dkt 13 at 2.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglas v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

None of the parties filed objections. The pleadings, record, applicable law, and recommendations have been reviewed. No clear error or abuse of discretion appears on the face of the record, and the findings are not contrary to applicable law.

The Memorandum and Recommendation of Magistrate Judge Sheldon is ADOPTED as the Memorandum and Order of this Court. Dkt 13.

The motion for default judgment by Plaintiff Wayne Smith is DENIED. Dkt 11.

Smith must properly serve Defendants and seek entry of default, if appropriate, before re-urging any motion for default judgment. He is further advised that his attempts to serve Defendants by mail aren't proper. See Dkt 9. The Fifth Circuit admonishes that, concerning service of process, "there is no exception for pro se litigants." *Avdeef v Royal Bank of Scotland PLC*, 616 F App'x 665, 672 (5th Cir 2015, *per curiam*).

SO ORDERED.

Signed on December 20, 2021, at Houston, Texas.

*[signature: Chas R Eshridge II]*

Hon. Charles Eskridge
United States District Judge