United States District Court
Southern District of Texas
**ENTERED**
December 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-CV-3079 |
| | § | |
| DAVID HITTNER and | § | |
| MTGLQ INVESTORS LP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant Judge David Hittner's Motion to Dismiss.[2] Based on a thorough review of the motion, arguments, and relevant law, the Court **RECOMMENDS** that Defendant Judge Hittner's Motion to Dismiss be **GRANTED** and the case against him be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

This case stems from a prior mortgage foreclosure case filed by Plaintiff in the Southern District of Texas on May 4, 2019 against Defendant MTGLQ Investors, LP ("MTGLQ").[3] The prior case, Civil Action No. H-19-1888, was assigned to Defendant Judge Hittner.[4] On August 23, 2019, Defendant Judge Hittner granted Defendant MTGLQ's motion to dismiss for failure to state

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 5.)
[2] Dkt. No. 20.
[3] *Id.* at 1.
[4] *Id.*

a claim.[5] On September 17, 2019, Plaintiff appealed Defendant Judge Hittner's decision.[6] On August 17, 2021, the Fifth Circuit affirmed Defendant Judge Hittner's decision.[7] On September 17, 2021, Plaintiff filed the instant case against Defendant Judge Hittner and Defendant MTGLQ, alleging civil rights violations.[8]

## II.   LEGAL STANDARD

A complaint may be dismissed if the Court lacks subject matter jurisdiction over an action. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In evaluating subject matter jurisdiction on a motion to dismiss, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).

## III.   ANALYSIS

Plaintiff's claims against Defendant Judge Hittner are barred by judicial immunity. "Judges are afforded absolute immunity when they perform a normal judicial function unless they are acting in the clear absence of all jurisdiction." *Duke v. Wallace*, No. 4:19-CV-3353, 2020 WL 1650768, at *1 (S.D. Tex. Mar. 26, 2020) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57, 360

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *See* Dkt. No. 1.

(1978)). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity is not overcome by allegations of bad faith or malice. *Id.*

It is evident from Plaintiff's complaint that his allegations against Defendant Judge Hittner all pertain to judicial actions that he took in his judicial capacity while presiding over the prior lawsuit, and that his actions were not performed in clear absence of all jurisdiction. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (1991). Accordingly, Defendant Judge Hittner has absolute immunity and his Motion to Dismiss should be granted. *See also Santos v. Rosenthal*, No. CV 4:09-904, 2009 WL 10714411, at *1 (S.D. Tex. June 3, 2009); *Duke*, 2020 WL 1650768, at *1.

## IV.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Defendant Judge Hittner's Motion to Dismiss be **GRANTED** and the case against him be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on December 27, 2021.

                                          Sam S. Sheldon
                                          United States Magistrate Judge